**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **JOSE-JUSTINO ESTUPINAN-ANGULO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 26-cv-10938-ADB** |
| | ) | |
| **FEDERAL MEDICAL CENTER-DEVENS,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**BURROUGHS, D.J.**

For the reasons stated below, the Court allows Petitioner's application to proceed in district court without prepaying fees or costs, denies the petition for a writ of habeas corpus, and directs the Clerk to correct the parties' names on the docket.

**I. Relevant Background.**

On April 2, 2026, Petitioner Estupian-Angulo Jose-Justino[1], an inmate at Federal Medical Center, Devens, in Ayer, Massachusetts, was advised that if he wishes to proceed with a habeas action, he must (1) either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* accompanied by a certified prison account statement, and (2) file a petition for writ of habeas corpus.

On April 15, 2026, the Court received for filing petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 and an application to proceed in district court without prepaying

---

[1]Although the petition identifies petitioner's name as Estupinan-Angulo Jose-Justino, he is in custody under the name Jose Justino Estupinan Angulo.  See https://www.bop.gov/inmateloc (last visited Apr. 28, 2026).  The clerk will be directed to correct petitioner's name on the docket.

fees or costs.   The Clerk initially opened a new case.  See Estupinan-Angulo v. Federal Medical Center – Devens, No. 26-cv-26-11744-RGS (filed Apr. 15, 2026).  Because it appeared that petitioner intended to file the documents in the instant action, the clerk was ordered to file the petition for writ of habeas corpus under 28 U.S.C. § 2241 and the application to proceed in district court without prepaying fees or costs in No. 26-10938-ADB.  04/16/2026 Order (Dkt. No. 4), No. 26-cv-26-11744-RGS.

Petitioner is serving his federal sentence at FMC Devens and filed this action seeking a stay of removal.  Dkt. No. 7.   Petitioner's sentence was imposed in the Middle District of Florida.  Id. at ¶  4.   On July 17, 2018, he pleaded guilty to conspiracy to possess with intent to distribute cocaine while aboard a vessel in violation of 18 U.S.C. §§ 70503(a) and 70506(a), (b); and 21 U.S.C. § 960((b)(1)(B)(ii).  See United States v. Angulo, 8:18-cr-00063-MSS-AEP-3.  He was sentenced to a term of imprisonment of 120 months. Id.   Petitioner is a citizen of Colombia and is subject to a final order of removal dated September 2, 2025.  Dkt. No. 7 at ¶  6, ¶ 11.   He states that his "appeal" to the First Circuit was transferred to this district court, id. at ¶  6, and that he is "being held on an ICE detainer to secure a final order of removal."  Id. at ¶  4.

Petitioner explains that he has kidney disease and needs a kidney transplant. Id. at 6. Petitioner is on dialysis and states that, "if [he is] deported [and] 10 days [elapse] without [receiving] dialysis treatment [petitioner will die]." Id. at ¶ 7(a)(6).  Petitioner requests a stay of removal so that he can obtain a kidney transplant in the United States "and then self deport back to his country of Colombia.  Id. at ¶¶ 11(d)(6), 13.

## II. Preliminary Screening.

The petition has not been served pending the Court's preliminary review.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the

applicant ... is not entitled [to the writ]," the district court is not required to serve the petition on

the respondent); see also Rule 4 of the Rules Governing Habeas Corpus Cases under Section

2254 (providing that, if it "plainly appears from the face of the [habeas] petition ... that the

petitioner is not entitled to relief in the district court," the court "must dismiss the petition").[2]

### III. This Court is Without Jurisdiction to Issue a Stay of Removal.

The instant habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, does not establish

entitlement to relief[3], because this Court, by statute, lacks jurisdiction to grant a stay of removal.

To the extent petitioner asks the Court to stay his removal proceedings or to grant a permanent

injunction, his claim is barred by the REAL ID Act of 2005 ("RIDA"), 8 U.S.C. § 1252.   The

RIDA provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section
> 2241 of Title 28, or any other habeas corpus provision[,] a petition for review filed with
> an appropriate court of appeals in accordance with this section shall be the sole and
> exclusive means for judicial review of an order of removal entered or issued under any
> provision of this chapter[.]

8 U.S.C. § 1252(a)(5).   Further, the RIDA contains a consolidation provision that states:

> Judicial review of all questions of law and fact, including interpretation and application
> of constitutional and statutory provisions, arising from any action taken or proceeding
> brought to remove an alien from the United States under this subchapter shall be
> available only in judicial review of a final order under this section. Except as otherwise
> provided in this section, no court shall have jurisdiction, by habeas corpus under section
> 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such
> title, or by any other provision of law (statutory or nonstatutory), to review such an order
> or such questions of law or fact.

---

[2] Rule 4 may be applied at the discretion of the district court to other habeas petitions. <u>See</u> Rule
1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

[3] Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in
custody in violation of the Constitution or laws or treaties of the United States."  The writ of
habeas corpus is "at its core a remedy for unlawful executive detention," and "[t]he typical
remedy for such detention is, of course, release." <u>Munaf v. Geren</u>, 553 U.S. 674, 693 (2008); see
INS v. St. Cyr, 533 U.S. 289, 301 (2001).

8 U.S.C. § 1252(b)(9). Under these jurisdiction-stripping provisions, "district courts lack habeas jurisdiction to entertain challenges to final orders of removal.   The RIDA further clarifies that a petition for review must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA § 242(b)(2).   Accordingly, this Court is without jurisdiction to stay petitioner's removal.

Based upon the foregoing, it is hereby ordered as follows:

1.      The Clerk shall correct the docket so that it lists the petitioner as Jose Justino Estupian-Angulo and the respondent as Federal Medical Center – Devens.

2.      Petitioner's Application to Proceed Without Prepayment of Fees (Dkt. No. 6) is ALLOWED.

3.      The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED and this action is DISMISSED.  The Clerk shall enter a separate order of dismissal.

**So Ordered.**

April 29, 2026                                                    */s/ Allison D. Burroughs*
                                                                      Allison D. Burroughs
                                                                      United States District Judge